IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                             Civ. No. 01-1414 JC/WWD
                                                Crim. No. 99-13 JC

JOSEPH LUJAN,

    Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court upon Defendant's motion under 28 U.S.C. §2255. Defendant seeks to have his criminal conviction set aside, alleging that he had ineffective assistance of counsel.

**Background.**

Defendant was indicted with four other persons for conspiring to possess with intent to distribute more than 50 grams of methamphetamine (Count1), and three other drug related counts. At his arraignment on January 13, 1999, he pleaded "not guilty". On June 30, 1999, he changed his plea to "guilty" on Count 1 under a plea agreement where he got a guideline reduction of three levels for acceptance of responsibility, and the remaining counts were to be dismissed at sentencing. On December 6, 1999, the Honorable John Edwards Conway sentenced Defendant to be imprisoned for 120 months to be followed by a period of supervised release of 5 (five) years. Defendant appealed his conviction contending that under Apprendi vs. New Jersey, 530, U.S. 466 (2000), his conviction should be set aside because the United States had failed to prove the quantity of drugs involved which was an essential element of the crime for which he

received a mandatory minimum sentence of 10 (ten) years. The conviction was affirmed. In the present motion Defendant raises two issues, to wit:

    1. Whether his appellate counsel was ineffective because she failed to properly investigate the Sentencing Guidelines pursuant to §4A1.1, and this caused Defendant to receive a sentence without the benefit of relief from the mandatory minimum sentence under the provisions of §5C1.1 of the Sentencing Guidelines, the so-called "Safety Valve" provision.

    2. Whether his appellate counsel was ineffective because she failed to attempt to negotiate a plea agreement with the Government that would have resulted in a sentence below the mandatory minimum sentence of 120 months.

In its response Plaintiff contends that Defendant's appellate counsel was not ineffective given the record she had to work with which contained evidence of the quantity of drugs involved, Defendant's participation in the drug sale, Defendant's failure to object to the offer of proof by the United States, Defendant's having used a false name, and the discussion involving defendant's motion to withdraw his guilty plea. The United States further argued that Defendant would have had to show plain error on appeal in the application of U.S.S.G. § 4A1.1(b) by the probation officer and that no such error existed. The probation officer's analysis was based on a document supported facially correct conclusion that Defendant had served a 60 day sentence of imprisonment, and the only contrary evidence was Defendant's uncorroborated assertion that he had served only 42 days. Defendant did not object to the pre-sentence report in the trial court. Plaintiff also argues that Defendant's claims in the instant motion have been procedurally defaulted.

**Discussion**.

I find no procedural default: accordingly, I will address the motion on its merits.  To establish ineffective assistance of counsel, a defendant must show (1) that his attorney's performance was deficient and (2) that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Cook, 49 F.3d 663, 665 (10th Cir. 1995).  The record with which appellate counsel had to work concerning the time served by Defendant in a prior sentence clearly supports the information and conclusion upon which the pre-sentence report was based.  Appellate counsel had no duty to raise a specious issue; particularly, when the only evidence contrary to the documentary evidence in the record was the testimony of Defendant who had undercut his credibility in the trial court by being untruthful about his identity.  Appellate counsel's performance clearly was not deficient since there is no duty for appellate counsel to raise specious issues; and Defendant was not prejudiced by appellate counsel's performance concerning this issue; accordingly, Defendant must fail on this issue. On the second issue in the motion Defendant contends that appellate counsel had a duty to negotiate a more favorable sentence with the United States.  Any such duty would be on the trial counsel not the appellate counsel, who has no opportunity to enter into such negotiations.  Clearly, Defendant's allegation regarding the alleged ineffective assistance of appellate counsel for failing to negotiate a plea agreement in the trial court must fail.

**Recommendation**

I recommend that the Defendant's motion under 28 U.S.C. §2255 be dismissed with prejudice.

_____
UNITED STATES MAGISTRATE JUDGE